business, and has only paid $1,900 of the purchase price, and has, according to her own testimony, received the benefit of $533, which plaintiff deposited with her landlady as security for the payment of rent.

There is much force in the contention that the verdict is against the weight of evidence. The verdict may be accounted for by an error in the charge, to which, however, no exception was taken. The court left it to the jury to determine whether any of the representations were false, and whether the parties agreed that the effect of plaintiff's engaging in the same business and city within two years would be as claimed. Although the only issues of fact were those relating to the *defenses,* the learned court—doubtless inadvertently—instructed the jury that the burden of proof to establish the truth with respect to the controverted facts was on the plaintiff. This was error (Sperling v. Boll, 10 App. Div. 290, 41 N. Y. Supp. 889; Spencer v. Citizens Mutual Life Ins. Association, 142 N. Y. 505, 37 N. E. 617), and manifestly it was prejudicial. Counsel for plaintiff failed to draw the attention of the court pointedly to the fact that the issues which were being submitted to the jury arose on the defenses, and to ask that the charge be corrected, or to take an exception.

[3] Where, however, a case has been submitted to a jury on an erroneous theory, and the ends of justice seem to require a new trial, this court may, even though no error is presented by exception, award a new trial. Gillett v. Trustees of Kinderhook, 77 Hun, 604, 28 N. Y. Supp. 1044; Gowdey v. Robbins, 3 App. Div. 353, 38 N. Y. Supp. 280; Leach v. Williams, 12 App. Div. 173, 42 N. Y. Supp. 574; Goldman v. Swartwout, 117 App. Div. 185, 102 N. Y. Supp. 302; Spencer v. Hardin, 149 App. Div. 667, 134 N. Y. Supp. 373. In view of all the circumstances to which reference has been made, we are of opinion that this is a proper case for the exercise of that discretionary power.

It follows that the judgment and order should be reversed, and a new trial granted, but without costs. All concur.

---

### RICHARDS v. LONDON & LANCASHIRE GUARANTEE & ACCIDENT CO. OF CANADA.

(Supreme Court, Appellate Division, First Department. March 17, 1916.)

PLEADING ☞194(1)—ANSWER—DENIALS.

> Demurrers to separate defenses containing denials of the material allegations of the complaint are properly overruled.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 444, 446, 451; Dec. Dig. ☞194(1).]

Appeal from Special Term, New York County.

Action by Eugene Lamb Richards, as trustee in bankruptcy, etc., against the London & Lancashire Guarantee & Accident Company of Canada. From an order overruling the demurrers to the first, second, third, fourth, and fifth separate defenses and the sixth partial defense in defendant's answer, plaintiff appeals. Affirmed.

Argued before CLARKE, P. J., and LAUGHLIN, SCOTT, SMITH, and PAGE, JJ.

Jeremiah T. Mahoney, of New York City, for appellant.

Jacob J. Alexander, of New York City, for respondent.

PER CURIAM. Each of the defenses contains denials of material allegations of the complaint. The order appealed from should therefore be affirmed, with $10 costs and disbursements. Order filed.

---

(93 Misc. Rep. 284)

### FLYNN v. ROACHE et al.

(Supreme Court, Trial Term, Albany County. January, 1916.)

1. DISCOVERY ☞77—DEFENDANT'S FAILURE TO APPEAR—MOTION TO STRIKE ANSWER—GROUND.

Where, at the hearing of a motion to strike out an answer for one defendant's failure to appear at an adjourned hearing of an examination before trial, it appears from affidavits based on letters that he was and is in a distant state and through illness unable to return, and further appears that granting of the motion will result in a default judgment against the defendant, the motion will be denied without prejudice, with right to plaintiff to renew on other papers when it clearly appears that the defendant is intentionally refusing to recognize and obey the court's order.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 91; Dec. Dig. ☞77.]

2. DISCOVERY ☞61—EXAMINATION OF DEFENDANT BEFORE TRIAL—VACATION OF ORDER—RENEWAL OF MOTION.

In such case, defendant's motion for leave to renew a motion theretofore made to vacate the order for the examination of such defendant will be denied, notwithstanding the showing made as to his illness.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. ☞61.]

Action by Patrick H. Flynn against J. Benedict Roache and another. On motion to strike out answers. Motion denied.

See, also, 155 N. Y. Supp. 1107.

R. E. & A. J. Prime, of New York City, for plaintiff.

Charles L. Craig, of New York City, for defendants Roache and Boland.

RUDD, J. [1] The plaintiff moves for an order to strike out the answers of defendants Boland and Roache in each action, because of the failure of defendant Boland to appear before a referee to be examined before trial. The order to appear was made by Justice Keogh. A motion was made to vacate the order, returnable at the Albany Special Term. That motion was denied. Upon appeal the Special Term order, denying the motion to vacate the order of Justice Keogh, was affirmed.

Defendant Boland appeared before the referee, was sworn as a witness, and, pending the determination of the appeal from the order denying the motion to vacate, an adjournment was had by the referee.